### LAWRENCE *v.* LITTLE *et al.*

GILBERT, J. 1. The grounds of the motion for a new trial which complain of the admission of evidence over objection do not show error.

2. Movant complains of certain portions of the charge of the court. When these portions are considered in connection with the entire charge, no error is shown.

3. Movant complains that the court erred in not charging the jury on the subject of estoppel, contending that the claimant, having probated the will of the deceased and qualified as executor, is now estopped from claiming under the alleged contract. *Held,* that the court did not so err. The will, considered in the light of undisputed evidence, was not antagonistic to the contract. Claiming under the contract was not pursuing an inconsistent remedy. The will expressly recognized the contract. Moreover, the claimant was not shown to have received any benefits or emoluments from the estate under the will or by reason of its probate.

4. The evidence showing the contract was without substantial conflict.

*Judgment affirmed. All the Justices concur.*

No. 5316.    NOVEMBER 13, 1926.

Claim. Before Judge Blair. Cobb superior court. January 29, 1926.

The will of Thomas Lawrence, admitted to probate in the court of ordinary of Cobb County, Georgia, contained these recitals: "Item 2. I give, bequeath, and devise unto my stepson, B. D.

Estoppel, 21 C. J. p. 1224, n. 25.
Trial, 38 Cyc. p. 1779, n. 76.
Wills, 40 Cyc. p. 1072, n. 30, 31.

Little, all of my estate, real and personal, now in possession or in expectancy, to his own proper use, benefit, and behoof forever. Item 3. There is an agreement between myself and my stepson and my stepson's wife, by which they are to move into my home with me, live with me during the balance of my life, look after my interest and care for me personally, administer to my wants in my old age, and also, in consideration of many past services rendered to me, I am to give my stepson all of my estate, and in doing this I have not overlooked or forgotten my own wife and children, Wm. F. Lawrence, Hester Lawrence, and Mrs. Nannie Lawrence Rapp, all of whom have heretofore received a fair portion of my estate and benefits of my labor." The will made Little executor.

The widow of testator made application for a year's support out of his estate, which was awarded, the court of ordinary issuing a fi. fa. to satisfy the same, which was levied upon the home place of testator. Little filed a claim, and upon the trial the property was found not subject to the widow's demand. There was evidence offered to establish the agreement mentioned in the above excerpt from the will, and none was offered to contradict it. The widow moved for a new trial. In her motion she assigned error upon the admission by the court, over objection that the same was prejudicial to movant's case or was illustrative of no issue, of testimony to the effect that testator had told a witness that certain tools belonged to claimant; and testimony by another witness, when asked if he had ever seen any one besides claimant and his wife render assistance to testator, to the effect that "to-day is the first time I have ever seen them." Movant also assigned error upon the charge of the court to the effect that if the jury found that dominion over the property was exercised by testator, the question would then be whether claimant had carried the burden of showing he was entitled to hold the property under his claim; upon the charge that the claimant could not defeat a year's support by holding under the will, but that claimant contended he was holding under an agreement had with testator; upon the charge that the jury could consider, along with other evidence, whether such agreement was actually made; and upon the failure of the court to charge the jury that claimant, having caused the will to be probated and having qualified as executor thereunder, was

estopped from claiming under any contract with testator. The court overruled the motion for new trial, and the movant excepted.

*Mozley & Gann* and *H. B. Moss,* for plaintiff.

*Anderson & Roberts,* for defendants.